FIRST DISTRICT—OCTOBER TERM, 1898.    241

Chicago Ex. Bldg. Co. v. Merchants' Bldg. Co.

| 83 | 241 |
| s106 | 17 |

# Chicago Exchange Building Co. v. Merchants' Building Improvement Co.

1. PRACTICE—*Effect of Improper Cross-Examination.*—It is in the discretion of the court to permit the defendant, upon cross-examination of the plaintiff's witnesses, to examine them in relation to matters not touched upon in the direct examination; but as to such matters the defendant, by so doing, makes the witness his own.

2. SAME—*Plaintiff Not Required to Introduce Matters of Defense.*— There is no rule of law which requires a plaintiff to introduce in evidence facts·or papers which are strictly and only matters of defense.

**Assumpsit,** on a contract in writing. Trial in the Circuit Court of Cook County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict and judgment for defendant by direction of the court; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed June 9, 1899.

**Statement.**—In the latter part of the year 1892 negotiations were pending between parties variously interested in relation to the erection of a large office building at the southwest corner of La Salle and Washington streets in Chicago. It .was in the interest of the owners of such building, if erected, and of the owners of property in that immediate vicinity, to have the Chicago Stock Exchange locate in such proposed building. To accomplish this, it was necessary to give to said Stock Exchange at least 6,000 square feet of space, rent free, for the term of fifteen years.

. It seems to have been the accepted conviction that other parties than those who might erect such building, and who would be benefited, should bear a part of the loss incident to the furnishing of space to the Stock Enchange rent free. The estate of P. F. W. Peck owned a part of the ground upon which it was proposed to erect such building. The proprietors of · said estate were active in· promoting the project to have such building erected. One of them, Ferdinand W. Peck, procured an option to lease other ground adjoining that owned by said estate. Said Ferdinand W. Peck also .procured and entered into an agreement with said

242    APPELLATE COURTS OF ILLINOIS.

VOL. 83.]    Chicago Ex. Bldg. Co. v. Merchants' Bldg. Co.

Stock Exchange, whereby it was provided that said Stock Exchange agreed to locate in such building when constructed, and to continue there for the term of fifteen years without rent (that is, at the nominal rental of one dollar per annum).

To further the conservation of the project, appellee executed and delivered to Clarence I. Peck, also one of the proprietors of said estate, the agreement upon which this suit is brought, and which is in the words and figures following, to wit :

" Whereas, an effort is being made to secure the location of the Chicago Stock Exchange in a building to be erected upon lot one (1), and the east part of lot two (2), in block fifty-five (55), original town of Chicago, with a view of benefiting property interests in that vicinity;

And in order to induce it to locate there it will be necessary to offer a large amount of valuable office and room space, not less than six thousand (6,000) square feet, free of rent;

Therefore, it is proposed to erect upon said land a new fire-proof building with quarters adapted to the purposes of the Chicago Stock Exchange, and to furnish the same to it as stated.

Now, therefore, we, the undersigned, owners of buildings in the neighborhood of said property, do severally agree to pay annually the sums set opposite our respective names for and during the time that said Chicago Stock Exchange shall actually occupy the entire space of six thousand (6,000) square feet, or more, on the first or second floor, or both, of said proposed building, as its general stock exchange room, in which its stock exchange business· is transacted; said occupation to be continuous and free of rent, and said payments are not to continue beyond the period of fifteen (15) years; said payments to be in consideration of the benefits to us of such location, and to be paid in equal quarter-- yearly installments to the owner or owners of the premises where said Stock Exchange shall be located, upon satisfactory evidence being given as to who said owners may be, when required, towards providing a fair rental to the owners of the property for the space to be occupied by the Stock Exchange free of rent; provided one of the main entrances to said main stock exchange room shall be from Washington street. Said building to be erected and

occupied by said Stock Exchange on or before January 1, 1895.

MERCHANTS' BUILDING IMPROVEMENT COMPANY,

By W. T. FURBECK, President.

Attest:                                                          $2,500.

WALLACE HECKMAN,

Secretary.

(Corporate Seal.)"

Appellee was at that time the owner of the property at the northwest corner of said La Salle and Washington streets. At the same time the Chamber of Commerce Company was the owner of the property at the southeast corner of said La Salle and Washington streets. The last named company also executed and delivered to said Clarence I. Peck an agreement similar in effect to said agreement made by appellee. At the time of receiving said subscription contracts said Clarence I. Peck executed and delivered a receipt therefor in the words and figures following, to-wit:

"CHICAGO, Illinois, Dec. 2, 1892.

This is to certify that the undersigned has received from the Merchants' Building Improvement Company and the Chamber of Commerce Safety Vault Company, subscriptions each in the sum of $2,500 per annum for fifteen years, on certain conditions, toward providing space on the west side of La Salle street, between Washington street and Calhoun Place, for the Chicago Stock Exchange, free of rent.

We hereby agree, in the event that we do not enter into a written contract binding upon the Chicago Stock Exchange to occupy said premises in accordance with the terms of the said subscription, and notify the said subscribers thereof before May 1, 1893, then the said subscription shall be null and void and the subscription papers above mentioned shall be returned to the respective subscribers.

ESTATE OF P. F. W. PECK,

By CLARENCE I. PECK,

Attorney."

Some of the proprietors of said estate also made various contracts in regard to the construction of such building. Early in 1893, the appellant corporation was formed. Thereupon said estate leased to the appellant corporation that portion of the ground upon which such building was to be erected, which was owned by said estate; said option

244    APPELLATE COURTS OF ILLINOIS.

VOL. 83.]    Chicago Ex. Bldg. Co. v. Merchants' Bldg. Co.

to lease adjoining ground was assigned to appellant; the various contracts which had been made in regard to the erection of such building and said subscription contract of appellee, with others, were transferred to appellant. The appellant constructed the building as proposed, entered into a formal lease with said Stock Exchange, and contends that it met the conditions of said subscription agreement. This suit is in assumpsit, and appellee pleaded the general issue, and by stipulation might introduce evidence of any defense which it could have made by special pleas. No point is made upon the pleadings.

When the plaintiff below (appellant) rested its case, the trial court instructed the jury to find a verdict for defendant below (appellee), which was done accordingly. A motion for a new trial was duly made and overruled, and judgment entered against appellant for costs.

JOHN S. COOPER, CHAS. M. OSBORN and CHAS. M. OSBORN, JR., attorneys for appellant.

PECK, MILLER & STARR and HECKMAN, ELSDON & SHAW, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

Upon the trial of this cause, appellant called as a witness Wallace Heckman, the secretary of appellee, and proved by him the genuineness of the signature to the subscription contract sued upon, and then offered said contract in evidence. No question as to any other fact was then propounded by attorneys for appellant to said witness.

Upon the cross-examination of that witness, and against the objection of appellant, attorneys for appellee were permitted to and did enter somewhat at length into an examination of the witness as to the receipt signed in the name of the estate of P. F. W. Peck, by Clarence I. Peck, attorney, as to when and where it was executed, when, where and by whom, and to whom it was delivered, when, where and by whom it was prepared, and the conditions upon which said contract and said receipt was delivered. Said

receipt was produced by the witness during such cross-examination. (By direction of the court said contract was marked " Plaintiff's Exhibit A," and said receipt " Defendant's Exhibit A.")

Said receipt was not offered or read in evidence. At the conclusion of appellant's testimony, and when it rested its case, attorneys for appellee made in writing the following motion, viz. :

" And now the defendant by its counsel moves the court, upon the close of the plaintiff's case, upon the trial of said cause, here now to exclude from the jury and evidence the paper writing marked ' Plaintiff's Exhibit A,' on the ground that the same is incompetent, and on the ground that the same has not been shown by the evidence to be the contract between the parties, and on the ground that the evidence shows that the same was not the contract of the defendant, and that the same was but a portion of the contract between the parties to the said contract."

After argument by the attorneys for both parties, the trial judge said : "'I will now require the counsel for plaintiff to offer in evidence the other portion of this contract referred to as ' Defendant's Exhibit A,' if they desire to do so." Counsel for plaintiff declined to do so, and then the judge said, " And thereupon the motion of counsel for defendant is sustained, and ' Plaintiff's Exhibit A' is excluded from the jury."

In the record, following discussions by counsel, it is stated as follows, viz.:

" Thereupon the court instructed the jury as follows :

" Gentlemen of the jury, it has become necessary, as a matter of law, for the court to exclude from your consideration the alleged written contract that was the basis of the action, and therefore I instruct you in writing as follows:

" Which instruction was in writing, and marked by the court 'Given,' and was read to the jury as follows :

" The court instructs the jury to find the issues for the defendant.

" The court further said to the jury :

" Some one of your number, as foreman, may sign the verdict, which will be simply, ' We, the jury, find the issues for the defendant.' It is only a matter of law—failure of

246    APPELLATE COURTS OF ILLINOIS.

VOL. 83.]    Chicago Ex. Bldg. Co. v. Merchants' Bldg. Co.

proof as it stands, for which the court has to assume the responsibility.

"Thereupon the jury rendered their verdict in writing, duly signed by their foreman, finding the issues for the defendant."

The contract sued upon provides that the payments therein provided for shall be made " to the owner or owners of the premises where said Stock Exchange shall be located, upon satisfactory evidence being given as to who said owners may be." The testimony shows, not only the completion of the building, and the lease with the Stock Exchange, etc., but it shows that appellant was " owner of premises where said Stock Exchange was located."

Said contract and said receipt are not of the same date, and are not upon the same paper, or attached together, but are physically entirely disconnected. Whether appellant had any knowledge of the existence of said receipt, or was chargeable with such knowledge, does not appear. The appellant corporation was not in existence at the time said receipt was given. Said contract was transferred and delivered to it with the contract for a lease with said Stock Exchange before it erected said building. Merely upon the face of the papers and without proof that appellant was in some manner bound by said receipt, it was error to hold that such receipt formed a portion of the said contract, in the sense and to the extent that unless appellant should introduce the same in evidence as a part of said contract, that then said contract would be excluded from the jury. The receipt does not on its face purport to cast upon the " owner or owners of said premises," to whom said contract runs, any duty or obligation. Whatever duty or obligation, if any, may have rested upon any one by reason of said receipt, in so far as appears by this record, was upon the estate of P. F. W. Peck, or said Clarence I. Peck.

From what we have said, it follows that it was error to exclude or withdraw said contract from the jury. If there were any facts so connecting said receipt with said con-tract, as, that appellant ought not to recover thereon by rea-son thereof, it devolved upon appellee to show such facts

as a defense. No such facts appear upon the face of the papers.

It is perhaps not necessary for us to go further; but as 'the case must be reversed and remanded for another trial, we may state that the examination by the attorneys for appellee of the witness Heckman was not, in the main, cross-examination. It was in the discretion of the court, perhaps, to permit such examination of that witness at that time, but appellee thereby made him its own witness. And appellee did not avail itself of its right, at some time during the trial, to offer said receipt in evidence. We do not know of any rule which requires a plaintiff to introduce in evidence facts or papers which are strictly and only matters of defense. It was not incumbent upon appellant to introduce said receipt in evidence.

For the reasons indicated the judgment of the Circuit Court is reversed and the cause remanded.